# Illinois Official Reports

## Appellate Court

***Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272**

| | |
|---|---|
| Appellate Court Caption | WELLS FARGO BANK, N.A., as Trustee, Plaintiff-Appellee, v. PHILLIP SANDERS, Defendant-Appellant. |
| District & No. | First District, Fifth Division<br>Docket No. 1-14-1272 |
| Filed<br>Rehearing denied | May 22, 2015<br>June 17, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CH-40914; the Hon. Lisa A. Marino, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Margaret A. Lundahl, of Chicago, for appellant.<br><br>Ralph T. Wutscher and Jeffrey T. Karek, both of McGinnis Wutscher LLP, of Chicago, for appellee. |
| Panel | JUSTICE REYES delivered the judgment of the court, with opinion.<br>Justice McBride concurred in the judgment and opinion.<br>Justice Gordon dissented, with opinion. |

**OPINION**

¶ 1     Defendant Phillip Sanders appeals from the circuit court of Cook County's order dismissing his petition brought pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2012)). On appeal, defendant contends that: (1) his petition was not ripe for adjudication under *People v. Laugharn*, 233 Ill. 2d 318 (2009); (2) the court lacked personal jurisdiction to enter the judgment of foreclosure; and (3) the circuit court erred in dismissing his petition on the merits. For the following reasons, we affirm the judgment of the circuit court.

¶ 2                                        I. BACKGROUND

¶ 3     This matter commenced as a mortgage foreclosure action pursuant to the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1501 *et seq.* (West 2012)). Plaintiff, Wells Fargo Bank, N.A., filed a complaint on November 30, 2011, alleging defendant was in default in the amount of $148,682.71 for failing to pay his mortgage on the property located at 9821 South Aberdeen Street in Chicago. On December 4, 2011, defendant was served by substitute service on John Sanders at 6629 South Bishop Street in Chicago.

¶ 4     On May 8, 2012, plaintiff presented its motion for default judgment of foreclosure. Defendant appeared in court and plaintiff withdrew its motion, as the circuit court granted defendant 28 days to file his appearance and answer or otherwise plead. Defendant, however, did not do so, and on July 24, 2012, a default judgment of foreclosure was entered by the circuit court.

¶ 5     On August 23, 2012, defendant, through counsel, filed a "motion to reconsider and vacate the prior judgment." The notice of motion provided in the record did not include a date when defendant would present the motion nor did it indicate under which section of the Code the motion was being brought. In addition, only two pages of this motion are contained in the record on appeal; one includes the prayer for relief, the other consists of the attorney's verification. According to the two-page document submitted, defendant requested the court to vacate the default judgment on the basis that counsel was late to court the day the judgment was entered. Defendant's counsel also requested leave to file his appearance and answer. Attached to defendant's motion was a file stamped copy of the answer, which contained general denials along with an assertion that plaintiff lacked standing and that defendant was not properly served with summons. The record does not contain an order disposing of the motion. The record also does not contain an order granting defense counsel leave to file his appearance or answer.

¶ 6     On October 25, 2012, the property was sold to plaintiff as the highest bidder at the judicial sale. Plaintiff presented its motion to confirm the sale. On November 27, 2012, defendant contested the order approving the sale and the circuit court entered a briefing schedule and set the matter for hearing on January 8, 2013. The hearing for the confirmation of the sale was continued to March 15, 2013, to allow plaintiff time to file its reply. Thereafter, on March 15, 2013, the circuit court entered the order approving the sale. None of the briefs pertaining to the confirmation of the sale are included in the record on appeal.

¶ 7     On April 1, 2013, defendant filed a "motion to reconsider and vacate the prior judgment order" entered on March 15, 2013. Defense counsel asserted that on the morning of March

15, 2013, he was hospitalized as a result of an automobile accident and, therefore, did not appear in court. Defendant requested "this court *** reconsider this matter and give the Defendant an opportunity to present his motion; to vacate the judgment and save his home." The notice of motion again failed to include a date when defendant would present the motion to reconsider.

¶ 8     However, on June 4, 2013, the circuit court entered an order continuing defendant's motion to reconsider to July 17, 2013, due to the fact defendant failed to provide the court with a courtesy copy of the motion. On July 17, 2013, defendant withdrew his motion to reconsider with leave to refile. According to the record, defendant never refiled the motion to reconsider. Thereafter, defendant filed numerous *pro se* motions; however, only defendant's section 2-1401 petition filed March 31, 2014, is pertinent to this appeal.

¶ 9     Defendant filed his section 2-1401 petition on March 31, 2014, with the aid of an attorney. The petition sought vacatur of the default judgment of foreclosure and any orders dependent on that order. It alleged that: (1) he did not receive service of process; (2) plaintiff lacked standing; (3) the circuit court failed to rule on a pending motion in violation of section 2-1203 of the Code (735 ILCS 5/2-1203 (West 2012)); (4) there was a wrongful eviction; and (5) the affidavit filed in support of the judgment of foreclosure was insufficient. The petition further requested a preliminary injunction preventing his eviction from the property while the matter was pending. The record does not demonstrate that the petition was ever scheduled to be presented before the court; however, the circuit court's written memorandum indicates that the matter was "styled as an 'emergency' motion and spindled on the Court's 10:00 default call on April 15, 2014."

¶ 10    Attached to the petition was a notarized affidavit from defendant in which he averred that since 2006 he had resided at 9821 South Aberdeen in Chicago with his wife and "other relatives." The "house at 6629 S. Bishop in the city of Chicago belongs to my mother and no one named John Sanders lives there." He further stated that in 2011 he hired an attorney to assist in the foreclosure case, and on August 23, 2012, the attorney filed a motion to vacate the July 24, 2012, default order and that motion was never ruled upon. Defendant also attested that one of plaintiff's agents attempted to evict him and changed the locks at the property on February 19, 2014. Defendant in turn changed the locks back and continued to reside at the property.

¶ 11    The petition also included numerous exhibits, including two service affidavits, one which indicated defendant was served by substitute service on December 4, 2011, at 4:23 p.m. at "Phillip Sanders's usual place of abode, 6629 S Bishop St, Chicago, IL 60636, with his/her Brother, John Sanders, a person of his/her family, or other person residing there, over the age of 13 years who was informed of the contents of the Summons and Complaint To Foreclose Mortgage."

¶ 12    No report of proceedings, bystander's report, or agreed statement of facts pertaining to the hearing on this emergency motion was submitted to this court for our consideration. The circuit court, however, in its April 15, 2014, written order, asserted defendant's petition was either denied or stricken for multiple reasons. First, the circuit court struck defendant's motion because (1) the petition was filed on the improper call in violation of the "Mortgage Foreclosure Courtroom Procedures" and (2) the petition was improperly served and plaintiff had not waived its right to service. Second, the circuit court found that under *U.S. Bank National Ass'n v. Prabhakaran*, 2013 IL App (1st) 111224, it lacked jurisdiction over the

petition. Third, the circuit court denied the petition on the merits because defendant waived any objection to jurisdiction over his person 60 days after he participated in the cause of action pursuant to section 15-1505.6(a)(ii) of the Foreclosure Law (735 ILCS 5/15-1505.6(a)(ii) (West 2012)) and he failed to present "new facts" that were undiscoverable at the time of the original action.

¶ 13    Defendant filed the instant appeal on April 24, 2014.

¶ 14                                    II. ANALYSIS

¶ 15    On appeal, defendant argues the circuit court erred in denying his section 2-1401 petition because: (1) it was not ripe for adjudication; (2) the judgment of foreclosure was void for lack of personal jurisdiction; and (3) his petition had merit.

¶ 16    We review the dismissal of a section 2-1401 petition *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 13 (2007). *De novo* consideration means we perform the same analysis that a circuit court would perform. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011). Section 2-1401 establishes a procedure for seeking relief from judgments more than 30 days after their entry. 735 ILCS 5/2-1401 (West 2012). Typically, to be entitled to relief pursuant to section 2-1401, the petitioner must set forth specific factual allegations supporting: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition for relief. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986). The purpose of a section 2-1401 petition is to bring facts to the attention of the circuit court which, if known at the time of judgment, would have precluded its entry. *Paul v. Gerald Adelman & Associates, Ltd.*, 223 Ill. 2d 85, 94 (2006). The petitioner has the burden of establishing these elements by a preponderance of the evidence. *Id.* at 95.

¶ 17    In general, a section 2-1401 petition must be filed within two years of the entry of judgment. 735 ILCS 5/2-1401(c) (West 2012). The two-year limitation period, however, does not apply when the petitioner alleges the judgment is void. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103 (2002). Moreover, where a judgment is challenged on voidness grounds there is no need for the petitioner to establish that it had acted with due diligence or to allege that a meritorious defense existed. *Id.* at 105.

¶ 18    The filing of a section 2-1401 petition is considered a new proceeding, not a continuation of the old one. 735 ILCS 5/2-1401(b) (West 2012). Accordingly, it follows that the respondent may answer or move to dismiss the petition either under section 2-615 of the Code (735 ILCS 5/2-615 (West 2012)) for failure to state a claim or under section 2-619 of the Code (735 ILCS 5/2-619 (West 2012)) based on an affirmative defense. *Blazyk v. Daman Express, Inc.*, 406 Ill. App. 3d 203, 207 (2010). Thus, we turn to consider defendant's initial argument regarding whether the section 2-1401 petition was ripe for adjudication.

¶ 19             A. Whether the Petition Was Ripe for Adjudication

¶ 20    Defendant contends that the circuit court erred in denying his petition because it was dismissed *sua sponte* before 30 days had lapsed as required by *Laugharn*. Defendant asserts that because the circuit court dismissed the petition 15 days after it was filed, this court should reverse and remand for further proceedings.

¶ 21    Plaintiff responds that *Laugharn* did not create a bright-line rule for vacating section 2-1401 dismissals entered *sua sponte* prior to the statutory 30-day period. Plaintiff further asserts that because there is no transcript of the hearing, stipulation, or bystander's report in the record demonstrating whether the order was in fact entered *sua sponte*, we must therefore presume that the dismissal was proper as it is defendant's burden to present a sufficiently complete record of the proceedings to support his claims of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

¶ 22    In *Laugharn*, the defendant filed a section 2-1401 petition and nine days later, the circuit court *sua sponte* dismissed the petition for being untimely. *Laugharn*, 233 Ill. 2d at 320-21. Our supreme court held that dismissal of a section 2-1401 petition before the expiration of the 30-day period to answer or otherwise plead was "premature" and required vacatur. *Id.* at 323. The court reasoned that under Rule 105(a), the responding party must "file[ ] an answer or otherwise file[ ] an appearance in the office of the clerk of the court within 30 days after service" (internal quotation marks omitted). *Id.* Thus, because the defendant's section 2-1401 petition was dismissed before the expiration of the 30-day period it "short-circuited the proceedings and deprived the State of the time it was entitled to answer or otherwise plead." *Id.*

¶ 23    Plaintiff maintains that due to the lack of a record of proceedings, a stipulation, or a bystander's report, defendant cannot demonstrate that the circuit court *sua sponte* dismissed his petition. We note that the absence of a transcript does not preclude appellate review because Supreme Court Rule 323 provides the appellant with a means to reconstruct an absent record. Ill. S. Ct. R. 323 (eff. Dec. 13, 2005). Here, however, defendant has failed to reconstruct the record with either a bystander's report or an agreed statement of facts filed by the parties. See *id.* Defendant, as the appellant, bears the burden of providing a sufficiently complete record to support his claim or claims of error, and in the absence of such a record on appeal, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Moreover, any doubt arising from the incompleteness of the record will be resolved against the appellant. *Id.* at 392.

¶ 24    Although the record contains the written memorandum issued by the circuit court disposing of the section 2-1401 petition, without the transcripts or a bystander's report of the April 15, 2014, hearing in this matter, we are unable to review the question of whether the circuit court ruled on defendant's petition in contravention of *Laugharn*. See *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005) (an issue relating to a circuit court's factual findings and basis for its legal conclusions obviously cannot be reviewed absent a report or record of the proceedings). Since the burden is on defendant as appellant to provide a complete record on appeal, we must presume that the circuit court properly considered defendant's section 2-1401 petition was ripe for adjudication. See *Gowler v. Ferrell-Ross Co.*, 206 Ill. App. 3d 194, 213 (1990) ("A court of review is not obligated to search the record for evidence on which to base reversal, and, unless reference is made to those parts of the record supporting reversal, the argument will not be considered.").

¶ 25    In making this determination, we note that there is nothing in the record to support that defendant's petition was ruled on *sua sponte*. A motion is considered to be ruled on *sua sponte* when it is "[w]ithout prompting or suggestion; on its own motion" by the circuit court. Black's Law Dictionary 1560 (9th ed. 2009). As discussed previously, however,

defendant has failed to provide us with a complete record, including this emergency motion, in order to fully consider this issue. Therefore, we do not know the basis of the emergency or whether the petition was attached to the emergency motion. Moreover, without a record of proceedings, we do not know whether defendant requested leave to file the petition, a briefing schedule on the petition, or that the petition be considered on its face. The lack of a record on appeal accordingly precludes us from being able to consider defendant's arguments. See *Gowler*, 206 Ill. App. 3d at 213.

¶ 26 Additionally, defendant argues in his appellate brief that the petition was served on plaintiff's counsel by personal service. In support of this statement, defendant directs us to the record containing the notice of filing of his section 2-1401 petition. The notice, however, does not contain the proper proof of service as it does not contain the requisite signed section 1-109 certification and does not expressly identify upon which individual the petition was served. There is no other evidence in the record that demonstrates plaintiff received service of the section 2-1401 petition. Thus, the evidence defendant directs us to consider that the petition was properly before the court is lacking and is yet another reason we decline to consider this argument. Therefore, presuming the circuit court properly considered the petition was ripe for adjudication, we turn to consider defendant's other arguments on appeal.

¶ 27                                  B. Lack of Personal Jurisdiction

¶ 28 Defendant next asserts the judgment of foreclosure is void for lack of personal jurisdiction. Specifically, he contends that the circuit court lacked personal jurisdiction over him as he was not properly served by substitute service. Defendant maintains he did not reside at the address listed in the service affidavit at the time of service. In addition, he contends that John Sanders did not reside at the property where he was served.

¶ 29 Plaintiff responds that the circuit court properly denied defendant's section 2-1401 petition because defendant's assertion that he was not properly served was time barred under section 15-1505.6 of the Foreclosure Law (735 ILCS 5/15-1505.6 (West 2012)).

¶ 30 Section 15-1505.6 provides in relevant part:

> "(a) In any residential foreclosure action, the deadline for filing a motion to dismiss the entire proceeding or to quash service of process that objects to the court's jurisdiction over the person, unless extended by the court for good cause shown, is 60 days after the earlier of these events: (i) the date that the moving party filed an appearance; or (ii) the date that the moving party participated in a hearing without filing an appearance." *Id.*

Plaintiff argues that defendant participated in the May 8, 2012, hearing on the motion for default judgment; thus, under section 15-1505.6, defendant was required to object to the circuit court's jurisdiction within 60 days of that date. *Id.* Plaintiff concludes that defendant failed to meet this deadline because he did not timely object to the court's jurisdiction until, at the earliest, August 23, 2012.

¶ 31 We agree that defendant failed to timely file his objection to the circuit court's jurisdiction as provided in section 15-1505.6 of the Foreclosure Law. The record discloses that on May 8, 2012, defendant appeared at the hearing on plaintiff's motion for default judgment and the circuit court granted defendant 28 days to file his appearance and answer or otherwise plead. As a result, plaintiff withdrew its motion. Defendant, however, did not file

his answer, in which he contested jurisdiction (as well as plaintiff's lack of standing), until August 23, 2012, more than 60 days later. On appeal, defendant asserts that he was represented by counsel who did not have an appearance on file at the time and, thus, counsel "had no standing." The May 8, 2012, order, however, does not indicate whether defendant was or was not represented by counsel and the record provided does not include a transcript of the proceedings or a bystander's report. Thus, we have no record of the May 8, 2012, proceeding and are not informed by the record as to who was present on defendant's behalf. We will not rely on defendant's bare assertion of what occurred or who appeared at that proceeding. Because it is defendant's burden to provide us with a sufficiently complete record, any doubts arising from the absence of a record will be resolved against him. *Foutch*, 99 Ill. 2d at 391-92. We conclude defendant waived jurisdiction when he participated in the May 8, 2012, hearing and failed to contest the court's jurisdiction within the 60 days required by section 15-1505.6 of the Foreclosure Law. See *BAC Home Loans Servicing, LP v. Pieczonka*, 2015 IL App (1st) 133128, ¶ 12. Thus, the circuit court did not err in dismissing defendant's section 2-1401 petition on this basis.

¶ 32    Moreover, even if defendant had not violated the 60-day deadline, we find he still waived his jurisdictional objection for two reasons. First, section 2-301 of the Code does not specifically provide that a defendant may contest jurisdiction in an answer. 735 ILCS 5/2-301 (West 2012). In fact, it expressly sets forth that a party may contest jurisdiction only "by filing a motion to dismiss the entire proceeding or any cause of action involved in the proceeding or by filing a motion to quash service of process" and that "[s]uch a motion may be made singly or included with others in a combined motion, but the parts of a combined motion must be identified in the manner described in Section 2-619.1." 735 ILCS 5/2-301(a) (West 2012).

¶ 33    Second, it is unclear from the two pages of defendant's "motion to reconsider and vacate the prior judgment," which were included in the record on appeal, whether defendant contested jurisdiction in that motion. From the limited record we do have, we can only discern that defendant sought vacatur of the judgment because his attorney was not present in court when the judgment of foreclosure was entered. As previously discussed, pursuant to section 2-301 of the Code, objections to jurisdiction may be included in a motion to dismiss or by filing a motion to quash service of process. 735 ILCS 5/2-301(a) (West 2012). Thus, "[i]f the objecting party files a responsive pleading or a motion (other than a motion for an extension of time to answer or otherwise appear) prior to the filing of a motion in compliance with subsection (a), that party waives all objections to the court's jurisdiction over the party's person." 735 ILCS 5/2-301(a-5) (West 2012). Although we acknowledge that the character of a motion is determined by its content and not its title or label (*OneWest Bank, FSB v. Topor*, 2013 IL App (1st) 120010, ¶ 15), we cannot glean from the record provided whether defendant's "motion to reconsider and vacate the prior judgment" constituted a proper motion contesting jurisdiction as required by section 2-301 of the Code, as we do not have the entire contents of the motion included in the record. Accordingly, where the record is incomplete "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch*, 99 Ill. 2d at 391-92. For these reasons, we conclude that defendant waived his objection that the circuit court lacked jurisdiction over his person.

¶ 34 Lastly, having concluded defendant waived his objection that the circuit court lacked jurisdiction over his person, we decline to address defendant's other argument that the circuit court erred when it found it did not have jurisdiction to hear his section 2-1401 petition relying on *Prabhakaran*. We acknowledge, however, that unlike the facts in this case, the defendant in *Prabhakaran* did not assert that the judgment was void for lack of personal jurisdiction. *Prabhakaran*, 2013 IL App (1st) 111224, ¶ 30. As previously discussed, a void judgment may be attacked at any time, even outside of the two years allowed under section 2-1401 of the Code. *Sarkissian*, 201 Ill. 2d at 103.

¶ 35 C. Whether Defendant Was Entitled to Relief Under Section 2-1401

¶ 36 As previously discussed, to be entitled to relief pursuant to section 2-1401, the petitioner must set forth specific factual allegations supporting: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition for relief. *Smith*, 114 Ill. 2d at 220-21. The purpose of a section 2-1401 petition is to bring facts to the attention of the circuit court which, if known at the time of judgment, would have precluded its entry. *Paul*, 223 Ill. 2d at 94. The petitioner has the burden of establishing these elements by a preponderance of the evidence. *Id.* at 95. Where, as here, a trial court dismisses a section 2-1401 petition, or enters judgment on the pleadings of said petition without holding an evidentiary hearing, the standard of review to be applied is *de novo*. *Cavalry Portfolio Services v. Rocha*, 2012 IL App (1st) 111690, ¶ 9 (citing *Vincent*, 226 Ill. 2d at 14). *De novo* consideration means we perform the same analysis that a circuit court would perform. *Khan*, 408 Ill. App. 3d at 578. Thus, we first turn to consider whether defendant presented sufficient evidence to establish a meritorious defense.

¶ 37 1. Meritorious Defense

¶ 38 On appeal, defendant asserts four defenses: (1) plaintiff lacked standing; (2) section 2-1203 of the Code prohibited the circuit court from entering the order confirming the sale; (3) the order of possession was void because plaintiff failed to name other occupants in a supplementary petition or to initiate a forcible entry and detainer proceeding; and (4) plaintiff's affidavit in support of the entry of a judgment of foreclosure was insufficient.

¶ 39 We first address whether defendant presented a meritorious defense that plaintiff lacked standing. Defendant maintained plaintiff lacked standing in the answer filed on August 23, 2013. This affirmative defense, however, was asserted after the default judgment of foreclosure was entered. Defendant's default resulted in his admission that plaintiff had standing. See *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 6-7 (2010) (finding the defendant failed to timely raise the standing issue and, as a result, forfeited it). Since defendant forfeited the standing issue, we did not need to consider whether the plaintiff actually had standing. *Nationwide Advantage Mortgage Co. v. Ortiz*, 2012 IL App (1st) 112755, ¶ 26.

¶ 40 Defendant next asserts that the order approving the sale is void because section 2-1203 of the Code prohibited its entry. Section 2-1203 of the Code provides in relevant part that in all cases tried without a jury a party may, within 30 days after the entry of judgment file a motion to vacate the judgment. 735 ILCS 5/2-1203 (West 2012). A properly filed section 2-1203 motion will stay the enforcement of a judgment. *Id.* In this case, defendant filed a

"motion to reconsider and vacate the judgment" within 30 days of the entry of the default judgment of foreclosure. The motion included in the record on appeal, however, contains only the last two pages of the motion; the prayer for relief page and the verification page. Neither page indicates under which section of the Code defendant seeks relief. Accordingly, based on the record presented, we do not know whether defendant brought his motion under section 2-1203 of the Code or some other provision of the Code, such as section 2-1301. As previously discussed, it is defendant's burden as the appellant to provide a sufficiently complete record to support his claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with the law and had a sufficient factual basis. *Foutch*, 99 Ill. 2d at 391-92.

¶ 41        Defendant also maintains as a meritorious defense that "the order [for possession] and the statute require[d] Plaintiff to name other occupants in a supplementary petition or in a forcible proceeding. Plaintiff's attempt to enforce the order of possession is therefore both void as noted above and not according to mortgage foreclosure procedures." Defendant cites no relevant authority in support of this argument in violation of Illinois Supreme Court Rule 341(h)(7) (eff. Feb. 6, 2013). This alone is reason to find defendant's argument forfeited. See *Housing Authority v. Lyles*, 395 Ill. App. 3d 1036, 1040 (2009) (arguments that do not satisfy Rule 341 do not merit consideration on appeal and may be rejected for that reason alone). In addition, defendant has failed to provide us with a record which demonstrates that plaintiff acted in contravention of the Foreclosure Law. Here, plaintiff specifically named only defendant as an occupant in the order of possession. As demonstrated by the record, this is due to the fact that defendant signed the mortgage, note, or loan documents as an unmarried man. Further, we can find no other individuals in the record who have an interest in the property that would require them to be specifically named in the complaint. See 735 ILCS 5/15-1501(a) (West 2010). Plaintiff also generally named "unknown owners and nonrecord claimants" as defendants in the complaint and served them by publication. The interests of unknown owners and nonrecord claimants were foreclosed in the default judgment of foreclosure. An order approving the sale and an order of possession was entered against these unknown owners on March 15, 2013. Under section 15-1701(h) of the Foreclosure Law, plaintiff may file a supplemental petition for possession that specifically names additional occupants against whom possession is sought during the 90 days after the entry of the order confirming the sale. 735 ILCS 5/15-1701(h)(1) (West 2012). The record does not demonstrate that plaintiff sought to add any specifically named individuals in a supplemental order of possession within those 90 days. Accordingly, defendant has failed to demonstrate that plaintiff has acted in contravention of the Foreclosure Law.

¶ 42        We also note that after 90 days, a plaintiff may file a cause of action pursuant to the Forcible Entry and Detainer Act (735 ILCS 5/9-101 *et seq.* (West 2012)) against generically named unknown owners. *Fairbanks Capital v. Coleman*, 352 Ill. App. 3d 550, 560 (2004). Any information regarding such a cause of action as to the property at issue here is not included in the record on appeal. Accordingly, defendant's argument that plaintiff failed to name the unknown owners in a forcible action is unsupported by the record and, thus, forfeited. *Foutch*, 99 Ill. 2d at 391-92.

¶ 43        Lastly, defendant asserts that the affidavit plaintiff presented in support of its motion for judgment of foreclosure was insufficient because the affiant lacked personal knowledge. Defendant's argument on appeal is conclusory, as it does not explain exactly how the affiant

lacked personal knowledge, nor does it provide any citations to relevant authority in violation of Rule 341(h)(7). Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013). Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone. See *Lyles*, 395 Ill. App. 3d at 1040. Because defendant failed to comply with Rule 341(h)(7), we conclude he has forfeited this issue on appeal.

¶ 44                                2. Due Diligence

¶ 45    In order for a circuit court to grant a section 2-1401 petition, in addition to setting forth a meritorious defense, a defendant must also assert that he was duly diligent: (1) in presenting this defense or claim to the circuit court in the original action; and (2) in filing the section 2-1401 petition for relief. *Smith*, 114 Ill. 2d at 220-21. Even if defendant here had set forth a meritorious defense by a preponderance of the evidence, he has failed to argue on appeal that he was diligent in either manner. Additionally, defendant made no claim below that he was diligent in discovering and presenting his defenses to the trial court in the original action or in filing his section 2-1401 petition. In sum, defendant has failed to establish by a preponderance of the evidence a meritorious defense and that he was duly diligent. Accordingly, we affirm the judgment of the circuit court.

¶ 46                                III. CONCLUSION

¶ 47    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 48    Affirmed.

¶ 49    JUSTICE GORDON, dissenting.

¶ 50    I must respectfully dissent. No transcript exists in the record on appeal of the court proceedings of April 15, 2014, because there were no court proceedings. The petition was filed on March 31, 2014. The record does not demonstrate that the petition was ever scheduled to be presented to the trial court and neither lawyer in this case indicates that he or she was present for a hearing; however, the trial court's four-page written memorandum indicates that the matter was "styled as an 'emergency' motion and spindled on the Court's 10:00 default call on April 15, 2014." It would follow that the trial court *sua sponte* dismissed defendant's petition on the merits and also struck defendant's petition based on his failure to follow the mortgage foreclosure courtroom procedures and his improper service on plaintiff by first-class mail.

¶ 51    Our Illinois Supreme Court instructs us under *People v. Laugharn*, 233 Ill. 2d 318 (2009), that a dismissal by the court of a section 2-1401 petition before the expiration of the 30-day period to answer or otherwise plead is premature and requires vacatur. A section 2-1401 petition is considered to be a new action and a dismissal before the expiration of the 30-day period "short-circuit[s] the proceedings and deprive[s] the [opposing party] of the time it was entitled to answer or otherwise plead." *Laugharn*, 233 Ill. 2d at 323. We realize that opposing counsel can expressly represent to the court its waiver of the 30-day time period and consent to a *sua sponte* decision on the merits, but opposing counsel in the case at bar does not argue that waiver expressly occurred here and does not indicate that a hearing actually occurred. Defendant's petition was not ripe for adjudication because it was ruled on 15 days after it

was filed, and we should decline to address the merits of the petition. I would reverse and remand for an evidentiary hearing.