2023 IL App (1st) 211525-U

No. 1-21-1525

Order filed December 20, 2023

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| LAVELLE DELANEY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 21 M1 13794 |
| | ) | |
| U.S. EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION, | ) | Honorable |
| | ) | Maire Aileen Dempsey, |
| Defendant-Appellee. | ) | Judge, presiding |

PRESIDING JUSTICE REYES delivered the judgment of the court.
Justices Lampkin and R. Van Tine concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the judgment of the trial court when appellant has failed to furnish a sufficient record such that error can be determined.

¶ 2    Plaintiff Lavelle Delaney appeals *pro se* from the trial court's entry of judgment in favor of defendant, the "U.S. Equal Employment Opportunity Commission." On appeal, plaintiff contends that defendant violated federal law, acted in a "biased manner," and provided "improper"

proceedings. Plaintiff further contends that the trial court erred when it denied him a preliminary injunction. We affirm.

¶ 3 The record on appeal does not contain a report of proceedings. The following facts are gleaned from the common law record, which includes plaintiff's complaint and the trial court's orders.[1]

¶ 4 On August 13, 2021, plaintiff filed a "negligence" complaint against defendant in the circuit court alleging that he suffered injury and emotional distress as a result of defendant's "breach in duty and fairness" in the investigation of his discrimination charge. According to plaintiff's complaint, he was hired by the City of Chicago Department of Streets and Sanitation in 2014. In 2016, after a "rumor" that he was "gay," he experienced gender and sexual orientation discrimination and was denied "opportunities and training." Plaintiff complained to a supervisor and then notified the City of Chicago Department of Human Resources. However, "no action" was taken. The complaint further alleged that on March 19, 2018, plaintiff filed discrimination charges with the Illinois Department of Human Rights and defendant. The complaint finally alleged that the discrimination charge filed with defendant was assigned number 440-2018-03601 and later dismissed. The complaint sought damages, a declaratory judgment that defendant violated federal law, and remand so that defendant could "try" plaintiff's case in a "fresh and fair manner."

¶ 5 Attached in support was, relevant here, a copy of a discrimination charge filed with the Illinois Department of Human Rights on March 19, 2018.[2] Also attached was a November 29, 2019, letter from the City of Chicago Department of Human Resources to plaintiff stating that its

[1] Many of the complaint's attachments are illegible.

[2] While this document is largely illegible, the heading identifying the Illinois Department of Human Rights and a file-stamp "RECEIVED EEOC" are clear.

investigation into "EEO File No. 2017 EEO 50" determined that plaintiff's allegations were "sustained in part," meaning that a violation of the City of Chicago's "Equal Employment Opportunity Policy" was found as to some allegations. An additional attachment was charge number 2020 CN 2561, filed with the Illinois Department of Human Rights on July 16, 2020, alleging that staff at the Department of Streets and Sanitation were "encouraged" to retaliate against plaintiff because he filed a discrimination charge with defendant.

¶ 6     On October 4, 2021, the trial court entered an order finding defendant in default for failure to file an appearance and answer and setting the cause for a prove-up.

¶ 7     On November 1, 2021, the trial court entered judgment for defendant without prejudice in a written order. The order states that plaintiff was present, and that the trial court had jurisdiction and was "fully advised." This appeal followed.

¶ 8     On April 12, 2023, this court entered an order taking the case for consideration on the record and plaintiff's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (a reviewing court may decide a case on an appellant's brief alone "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief").

¶ 9     On appeal, plaintiff contends that defendant violated federal law. He further contends that the trial court erred by holding that he could not "sue" defendant for negligence and denying him a preliminary injunction.

¶ 10    Initially, our review of plaintiff's appeal is hindered by his failure to fully comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020). Pursuant to Supreme Court Rule 341(e) a "brief shall be served upon each other party to the appeal represented by separate counsel" and

"[p]roof of service shall be filed with all briefs." Ill. S. Ct. R. 341(e) (eff. Oct. 1, 2020). Here, although a proof of service is attached to plaintiff's *pro se* brief, it appears to be missing several pages and does not identify the date and time of mailing or the address of the post office or mailbox used to mail a copy of the brief to defendant. Therefore, it is not entirely clear whether plaintiff's *pro se* brief was actually mailed to defendant.

¶ 11    Additionally, plaintiff has failed to comply with Supreme Court Rule 341(h), which provides that an appellant's brief should contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment," and an argument "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020). Here, plaintiff's brief provides no citations to the record and fails to articulate a legal argument which would allow a meaningful review of his claims. "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43. Accordingly, to the extent that plaintiff's brief fails to comply with Supreme Court Rule 341(h)(7), his arguments are forfeited.

¶ 12    Considering the content of plaintiff's brief, it would be within our discretion to dismiss this appeal. See *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005). As it is clear that plaintiff challenges the trial court's entry of judgment in favor of defendant, we choose not to do so. See *Twardowski v. Holiday Hospitality Franchising, Inc*., 321 Ill. App. 3d 509, 511 (2001) (while the insufficiency of a plaintiff's brief hinders review, reviewing court may choose to consider the merits of a case

when they can be ascertained from the record on appeal). Nevertheless, deficiencies in the record on appeal still prevent us from reaching this appeal on the merits.

¶ 13    On appeal, the appellant, in this case plaintiff, has the burden to provide a complete record for review in the appellate court to support a claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). If no such record is provided, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id*. at 392. This is because, in order to determine whether there was actually an error, a reviewing court must have a record before it to review. *Id*.

¶ 14    Here, the record reveals that the trial court found defendant in default on October 4, 2021, and entered judgment in favor of defendant on November 1, 2021. However, the record on appeal does not contain a report of proceedings from either court date or an acceptable substitute such as a bystander's report or agreed statement of facts pursuant to Illinois Supreme Court Rule 323. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). Without a transcript or an acceptable substitute from these court dates, we are unable to determine what evidence was admitted or excluded or what arguments were made. Additionally, although plaintiff asserts in his brief that the trial court held that he could not "sue" defendant for negligence, absent a report of proceedings, we have no knowledge of the trial court's reasoning and specific findings which underlie its November 1, 2021, order. Under these circumstances, we must presume that the court acted in conformity with the law and properly entered judgment for defendant based upon the evidence before it. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005). In the absence of a report of proceedings or other record of these hearings, we have no basis for disturbing the trial court's judgment. *Foutch*, 99 Ill. 2d at 391-92.

¶ 15    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 16    Affirmed.