2025 IL App (1st) 232197-U

No. 1-23-2197

Order filed February 10, 2025.

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| BANK OF AMERICA, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 M1 117907 |
| | ) | |
| MELAD A. ISHAK, | ) | The Honorable |
| | ) | Timothy W. Wright III, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE LAVIN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1  *Held*: We affirm the judgment of the trial court as appellant has failed to furnish a sufficient record such that error can be determined.

¶ 2  Defendant Melad A. Ishak appeals *pro se* from the trial court's entry of default judgment in favor of plaintiff Bank of America in its action to collect on a credit card debt. On appeal, defendant contends that the default judgment was entered due to his "non-presence" and the trial court failed to acknowledge his circumstances on the day of the hearing. Defendant further

contends that summary judgment should be entered in his favor because plaintiff failed to meet professional and legal standards and violated the terms of its credit card agreement. We affirm.

¶ 3     The record on appeal does not contain a report of proceedings. The following facts are gleaned from the common law record.

¶ 4     On September 8, 2022, plaintiff filed a consumer debt complaint against defendant seeking damages of $11,6713.79, for failure to pay a credit card debt.

¶ 5      The record contains an affidavit of a special process server filed in the circuit court on April 12, 2023. The special process server averred that on April 7, 2023, an alias summons and complaint was left with defendant's mother at defendant's usual abode.

¶ 6     The alias summons stated that the next court date was 10 a.m. on July 6, 2023, in Room 1101. Also attached was Circuit Court of Cook County, First Municipal District Civil Division General Order 2020-12, Amended (General Order 2020-12). General Order 2020-12 states, relevant here, that effective July 6, 2020, all civil cases would be heard via Zoom, and listed courtroom "ZOOM MEETING IDS AND PASSWORDS." The list of courtrooms appeared on a two-page document, with courtroom 409 on the first page and the remaining courtrooms listed in numerical order on the second page.

¶ 7     On May 1, 2023, defendant filed a *pro se* appearance.

¶ 8     On May 23, 2023, defendant appeared *pro se* and plaintiff appeared through counsel. The trial court set a status date of June 27, 2023, at 11 a.m. in Room 1101.

¶ 9     On May 21, 2023, plaintiff emailed defendant notice regarding a June 27, 2023, hearing in Room 1101 to be held "via zoom conference (please see attached zoom instructions)." Attached was, relevant here, a copy of General Order 2020-12.

¶ 10    On June 27, 2023, the trial court held an initial case management conference. Defendant appeared *pro se* and plaintiff appeared through counsel. The court ordered the parties to the Early Resolution Program and continued the case until August 1, 2023.

¶ 11    On July 6, 2023, plaintiff emailed defendant a notice of the August 1, 2023, hearing in Room 1101 at 11 a.m. The notice stated the hearing would be held "via zoom conference (please see attached zoom instructions)," and attached, relevant here, a copy of General Order 2020-12.

¶ 12    On August 1, 2023, the trial court transferred the case to the presiding judge for further proceedings because the case was not settled. The court's order reflected that defendant was present. On August 9, 2023, the cause was transferred to Room 1102.

¶ 13    On October 10, 2023, plaintiff filed a motion for default judgment. Attached was a "Notice of Motion" stating that on October 24, 2023, at 2 p.m. in Room 1102, plaintiff's counsel would present the motion for default judgment "via zoom conference (please see attached zoom instructions)" and attached a copy of General Order 2020-12. The proof of service stated that the notice was served on defendant by email and contained a certification pursuant to section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109 (West 2022)).

¶ 14    On October 24, 2023, plaintiff's counsel appeared before the trial court. The court granted the motion for default and entered judgment against defendant in the amount of $11,671.79 plus court costs.

¶ 15    On appeal, defendant contends that plaintiff "used" defendant's nonattendance in the "correct" courtroom to convince the trial court to grant the motion for default judgment. He argues that he was not present at the hearing because "complex court documents" sent by plaintiff left him "very" confused by the change of "Zoom room" from 1101 to 1102, which had a different

Zoom identification and password. He contends that he waited in Room 409 for three hours and attaches copies of screenshots from his phone in support. Defendant further contends plaintiff failed to meet professional and legal standards and violated its credit card agreement. He asks this court to vacate the default judgment and enter summary judgment in his favor as he was not heard by the court "due to unintentional mistake."

¶ 16　As a preliminary matter, our review of defendant's appeal is hindered by his failure to fully comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020). While defendant's brief contains a narration of the case from his point of view, it lacks cohesive legal arguments, reasoned bases for those arguments, and citations to the record in violation of Rule 341(h). See Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020). "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43. Accordingly, to the extent that defendant's brief fails to comply with Rule 341(h)(7), his arguments are forfeited.

¶ 17　Moreover, defendant has attached copies of screenshots to his brief that were not presented to the trial court and therefore cannot be considered on appeal. See *Jackson v. South Holland Dodge, Inc*., 197 Ill. 2d 39, 55 (2001) (documents not submitted to the circuit court are not properly a part of the record on appeal and cannot be considered on appeal).

¶ 18　Considering the content of defendant's brief, it would be within our discretion to dismiss his appeal. *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32. However, because we understand the issues defendant wishes to raise and have the benefit of a cogent appellee's brief, we choose to consider the discernible merits of the appeal. See *Twardowski v.*

*Holiday Hospitality Franchising, Inc*., 321 Ill. App. 3d 509, 511 (2001). That said, the deficiencies in the record still prevent us from reaching this appeal on the merits.

¶ 19    On appeal, the appellant, in this case defendant, has the burden to provide a complete record for review in the appellate court to support his claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). If no such record is provided, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id*. at 392. This is because, in order to determine whether there was actually an error, a reviewing court must have a record before it to review. *Id*.

¶ 20    Here, defendant asserts that the trial court erroneously granted plaintiff's motion for default judgment when he did not attend the hearing and plaintiff failed to meet professional and legal standards and violated the terms of its credit card agreement. However, the record on appeal does not contain a report of proceedings from the October 24, 2023, hearing or an acceptable substitute such as a bystander's report or agreed statement of facts pursuant to Illinois Supreme Court Rule 323. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). Without a transcript or an acceptable substitute, we are unable to determine what evidence was admitted or excluded at the hearing and have no knowledge of what arguments were presented to the trial court or the court's reasoning in ruling as it did. Under these circumstances, we must presume that the court acted in conformity with the law and ruled properly after considering the evidence before it. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005). In the absence of a report of proceedings or other record of the hearing, we have no basis for disturbing the trial court's judgment. *Foutch*, 99 Ill. 2d at 391-92.

¶ 21    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 22    Affirmed.