2025 IL App (1st) 241774-U
No. 1-24-1774
Order filed April 10, 2025

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT
_____

| | | |
|---|---|---|
| LUCY PERVAN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 M6 9576 |
| | ) | |
| KERRI KATSALIS, | ) | Honorable |
| | ) | Yolanda H. Sayre, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE ROCHFORD delivered the judgment of the court.
Justices Hoffman and Lyle concurred in the judgment.

**ORDER**

¶ 1     *Held*: We affirm the judgment of the trial court as appellant has failed to furnish a sufficient record such that error can be determined.

¶ 2     Plaintiff Lucy Pervan appeals *pro se* from the trial court's entry of judgment following trial in favor of defendant Kerri Katsalis in this action alleging negligent veterinary diagnosis and treatment. On appeal, plaintiff contends that the trial court erred when it (1) determined that she did not own the cat at issue and (2) failed to consider defendant's malpractice. We affirm.

¶ 3     The record on appeal does not contain a report of proceedings. The following facts are gleaned from the common law record.

¶ 4    On October 2, 2023, plaintiff filed a small claims complaint seeking reimbursement of $3344.18, which allegedly was paid to defendant by plaintiff and another individual, Walter Siggins, for veterinary services relating to a cat named Popcorn. Plaintiff claimed defendant was negligent in the treatment and misdiagnosis of Popcorn. She attached a document titled "Popcorn Consultation Summary," which was dated September 12, 2023; the document pertained to Popcorn's subsequent treatment by a different provider and identified Siggins as the client. Siggins was not named as a plaintiff and he did not sign the complaint.

¶ 5    On June 27, 2024, following a bench trial, the court entered judgment in favor of defendant.

¶ 6    On July 19, 2024, plaintiff filed a *pro se* notice of appeal in the circuit court using a preprinted authorized form. The information is handwritten, and while the case number is listed, the line for the judge presiding is blank. In the section titled "List the date of every order or judgment you want to appeal," only June 20, 2024, is listed. On June 20, 2024, an order continuing the trial to June 27 was entered by a judge who did not preside over the trial. In the section titled "State your relief," the boxes for "vacate the trial court's judgment" and "send the case back to the trial court for a new hearing and new judgment" are marked. In the section titled "order the trial court to" is handwritten "I am requesting a new judge."

¶ 7    Numerous documents are attached to the notice of appeal including, relevant here, a handwritten document stating that this case is "too big to be swept under the rug" as the trial court allegedly did on June 20, 2024. This document identified the judge who presided at the trial and included complaints about the judge and the way the trial was conducted. Plaintiff also attached a typewritten document notarized on July 16, 2024, and signed by Siggins, which stated that he and plaintiff owned Popcorn, that Popcorn lived with Siggins, and that plaintiff paid "most of the

expenses" for Popcorn's treatment, and documents from defendant's clinic identifying Siggins as the client and financially responsible party.

¶ 8    On appeal, plaintiff contends that the trial court erred by finding it did not know "who the cat belonged to" and failing to consider defendant's malpractice. Plaintiff asserts that Siggins provided a "sworn statement" that Popcorn belonged to Siggins and plaintiff.

¶ 9    As a preliminary matter, our review of plaintiff's appeal is hindered by her failure to fully comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020). While plaintiff used preprinted authorized forms, her briefs contain narrations of the case from her point of view, and lack cohesive legal arguments, reasoned bases for those arguments, and citations to the record in violation of Rule 341(h). See Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020). "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43. Accordingly, to the extent that plaintiff's briefs fail to comply with Rule 341(h)(7), her arguments are forfeited.

¶ 10    Moreover, plaintiff has attached documents to her reply brief that are not contained in the record and therefore cannot be considered on appeal. See *Jackson v. South Holland Dodge, Inc*., 197 Ill. 2d 39, 55 (2001) (documents not submitted to the circuit court are not properly a part of the record on appeal and cannot be considered on appeal).

¶ 11    Considering the inadequacies of plaintiff's briefs, it would be within our discretion to dismiss this appeal. *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32. However, because we understand the issues plaintiff wishes to raise and have the benefit of a cogent appellee's brief, we choose to consider the discernible merits of the appeal. See *Twardowski v. Holiday Hospitality Franchising, Inc*., 321 Ill. App. 3d 509, 511 (2001).

¶ 12    First, we address defendant's assertion that we lack jurisdiction because plaintiff's *pro se* notice of appeal lists June 20, 2024, as the date of the order from which defendant appeals. Defendant argues that this appeal must be dismissed because the notice of appeal did not list June 27, 2024, the date the trial court entered the judgment order following trial and plaintiff does not address that omission before this court.

¶ 13    Illinois Supreme Court Rule 303(b)(2), which governs civil appeals, provides that the notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." Ill. S. Ct. R. 303(b)(2) (eff. July 1, 2017). A notice of appeal confers jurisdiction on a reviewing court to consider only the judgment, order, or part thereof specified in the notice of appeal. *People v. Smith*, 228 Ill. 2d 95, 104 (2008).

¶ 14    While notices of appeal are jurisdictional, " 'it is generally accepted that a notice of appeal is to be liberally construed.' " *Village of Kirkland v. Kirkland Properties Holdings Co., LLC I*, 2023 IL 128612, ¶ 38 (quoting *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 433 (1979)). That is because a notice of appeal's purpose "is to inform the prevailing party that the other party seeks review of the trial court's decision." *People v. Lewis*, 234 Ill. 2d 32, 37 (2009). An appellant's failure to comply strictly with the form of the notice of appeal is not fatal if the deficiency is not substantive and the appellee is not prejudiced. *Smith*, 228 Ill. 2d at 105. Our supreme court has held that "a notice of appeal 'will confer jurisdiction on an appellate court if the notice, when considered as a whole, fairly and adequately sets out the judgment complained of and the relief sought so that the successful party is advised of the nature of the appeal.' " *In re Marriage of O'Brien*, 2011 IL 109039, ¶ 22 (quoting *Burtell*, 76 Ill. 2d at 433-34).

¶ 15    On the preprinted form, plaintiff listed only June 20, 2024 as the entry date of the order being appealed, but the judgment order was entered on June 27. However, in the section requesting

relief, plaintiff marked the boxes "vacate the trial court's judgment" and "send the case back to the trial court for a new hearing and new judgment." Moreover, in the attachments, plaintiff makes assertions of error against the judge who presided over the trial by name and as to the issues of the ownership of Popcorn and defendant's alleged malpractice.

¶ 16    Plaintiff's notice of appeal, liberally construed, along with the attachments, identified the judgment complained of and the relief sought, *i.e.*, to vacate the trial court's ruling in favor of defendant and remand to the trial court for a new hearing. Thus, the notice of appeal apprised defendant of the nature of the appeal and conferred jurisdiction on this court. See *id.* We note that plaintiff's briefs challenge the trial court's judgment in favor of defendant, affirming that plaintiff appeals from the trial court's judgment order entered after trial on June 27, 2024. Accordingly, plaintiff's failure to list the date of June 27, 2024 in the notice of appeal is not fatal to her appeal.

¶ 17    Nonetheless, the deficiencies in the record on appeal prevent us from reaching the merits of plaintiff's appeal.

¶ 18    As the appellant, plaintiff, has the burden to provide a complete record for review in the appellate court to support her claims of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). If no such record is provided, "it will be presumed that the order entered by the trial court was in conformity with the law and had a sufficient factual basis." *Id*. at 392. This is because, in order to determine whether there was actually an error, a reviewing court must have a record before it to review. *Id*.

¶ 19    Plaintiff asserts that the trial court erroneously entered judgment for defendant despite Siggins' "sworn statement" that plaintiff and Siggins co-owned Popcorn. The sworn statement was notarized on July 16, 2024, a date after the judgment. However, the record on appeal does not contain a report of proceedings from the June 27, 2024 trial or an acceptable substitute such as a

bystander's report or agreed statement of facts pursuant to Illinois Supreme Court Rule 323. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). Without a transcript or an acceptable substitute, we are unable to determine what evidence was admitted or excluded at trial and have no knowledge of what arguments were presented to the trial court or the court's reasoning in ruling as it did. Under these circumstances, we must presume that the court acted in conformity with the law and ruled properly after considering the evidence before it. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005). In the absence of a report of proceedings or other record of the hearing, we have no basis for disturbing the trial court's judgment. *Foutch*, 99 Ill. 2d at 391-92.

¶ 20    For the foregoing reasons, we affirm the judgment of the trial court.

¶ 21    Affirmed.