2026 IL App (1st) 250430-U

No. 1-25-0430

Order filed February 13, 2026

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| LOLITA RUSSELL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 OP 75831 |
| | ) | |
| SHAMECKA MARSHALL, | ) | Honorable |
| | ) | Marina E. Ammendola, |
| Respondent-Appellant. | ) | Judge, presiding. |

_____

JUSTICE ODEN JOHNSON delivered the judgment of the court.
Justices Mikva and Wilson concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the trial court's judgment because appellant has failed to provide a sufficient record such that error can be determined.

¶ 2    Respondent Shamecka Marshall appeals *pro se* from the trial court's entry of a plenary stalking no contact order against her and in favor of petitioner Lolita Russell. On appeal, respondent contends that she was denied due process when she was "informed" about a "secretly

recorded audio" recording two weeks prior to a hearing and the trial court relied on that recording when entering the plenary stalking no contact order. We affirm.

¶ 3     The record on appeal does not contain a complete report of proceedings. Although the record contains transcripts of postjudgment proceedings, it lacks a transcript of the hearing at which the trial court entered the plenary stalking no contact order. Both parties were self-represented. We relate only those facts relevant to the issues on appeal.

¶ 4     On June 25, 2024, petitioner filed a petition for a stalking no contact order against respondent alleging, *inter alia*, that respondent (1) "pushed" into the home of petitioner's partner and tried to fight petitioner, (2) threatened to give petitioner "two shots to the face," and (3) "advised" petitioner of respondent's "conceal & carry" status. That same day, the trial court entered an emergency stalking no contact order in favor of petitioner and against respondent.

¶ 5     On August 27, 2024, the trial court extended the emergency stalking no contact order, ordered that the parties exchange exhibits by October 23, 2024, and scheduled an in-person hearing on November 13, 2024.

¶ 6     On November 13, 2024, following a hearing, the trial court entered a two-year plenary stalking no contact order in favor of petitioner and against respondent. The record on appeal, as noted, does not contain a report of proceedings from this hearing.

¶ 7     On November 18, 2024, respondent filed a motion to vacate the plenary stalking no contact order alleging that petitioner stalked and tried to fight respondent and that respondent never agreed to a "phone call recording."

¶ 8     On January 29, 2025, respondent and petitioner appeared before the trial court for a hearing on respondent's motion. Per the transcript of the hearing, the trial court stated that it

reviewed a transcript of the proceedings from November 13, 2024, which reflected that it heard testimony from petitioner and respondent, it listened to an audio recording, and respondent admitted that she threatened to go to petitioner's workplace and physically harm petitioner. The court therefore denied the motion to vacate.

¶ 9       On February 28, 2025, respondent filed a notice of appeal.

¶ 10      On October 30, 2025, we entered an order taking this case on the record and respondent's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (reviewing court may decide case on appellant's brief "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief").

¶ 11      On appeal, respondent contends that she was denied due process when she was "informed" about a "secretly recorded audio" recording two weeks prior to the hearing on the petition for a plenary stalking no contact order and the trial court relied on that recording when entering judgment for petitioner. Respondent asserts that she did not consent to the recording, that the lack of notice prevented her from challenging the recording, and that the recording was "altered," "unreliable," and lacked proper foundation. This audio recording is not included in the record on appeal.

¶ 12      As a preliminary matter, our review of respondent's appeal is hindered by her failure to fully comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which governs the form and content of appellate briefs. While respondent used a preprinted form, her brief lacks citations to the record on appeal, cohesive legal arguments, and reasoned bases for those arguments in violation of Rule 341(h). See Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020). "Arguments that do

not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43.

¶ 13    Accordingly, to the extent that respondent's brief fails to comply with Rule 341(h)(7), it would be within our discretion to dismiss this appeal on that basis. *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32. Although it is clear that respondent wishes to challenge the trial court's entry of the plenary stalking no contact order, we are unable to reach the merits of this appeal due to deficiencies in the record.

¶ 14    On appeal, the appellant, in this case respondent, has the burden to provide a complete record for review in the appellate court to support her claims of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). If no such record is provided, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id*. at 392. This is because, in order to determine whether an error occurred, a reviewing court must have a record before it to review. *Id*.; see also *Walsh v. Sklar*, 2025 IL App (1st) 231830, ¶ 104 ("Where the issue on appeal relates to the conduct of a hearing or proceeding, this issue is not subject to review absent a report or record of proceedings." (internal quotation marks omitted)).

¶ 15    Here, respondent challenges the trial court's entry of a plenary stalking no contact order. However, the record on appeal does not contain a report of proceedings from the November 13, 2024, hearing at which the trial court entered judgment in favor of petitioner. Nor does the record contain an acceptable substitute such as a bystander's report or agreed statement of facts. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). Without a transcript or an acceptable substitute, we are unable to determine what evidence, exhibits, and testimony were admitted or excluded at the November 13, 2024, hearing, and have no knowledge of what arguments were presented to the

trial court or the court's reasoning in ruling as it did. Thus, although the trial court referenced a transcript of the November 13, 2024, hearing and the evidence recorded therein in denying respondent's motion to vacate, the record on appeal is insufficient for our review of respondent's claims of error.

¶ 16     When the record is insufficient for our review of an appellant's contentions, we must presume that the trial court acted in conformity with the law and ruled properly after considering the evidence before it. *Corral v. Mervis Industries, Inc*., 217 Ill. 2d 144, 156-57 (2005). Absent a report of proceedings or other record of the hearing, we have no basis for disturbing the trial court's judgment. *Foutch*, 99 Ill. 2d at 391-92.

¶ 17     For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 18     Affirmed.