2020 IL App (1st) 191890

No. 1-19-1890

Second Division
December 22, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| IVAN STANILA, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| v. | ) | No. 19 M1 701301 |
| HARVEY JOE and UNKNOWN OCCUPANTS, | ) | Honorable Alison C. Conlon Judge, presiding. |
| Defendants | ) | |
| (Harvey Joe, Defendant-Appellant). | ) | |

_____

JUSTICE COBBS delivered the judgment of the court, with opinion.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment with opinion.

**OPINION**

¶ 1    Defendant, Harvey Joe,[1] appeals from the circuit court's order denying his motion to reconsider an eviction judgment. On appeal, defendant contends that the circuit court erred in (1) finding that defendant did not timely raise the issue that his counsel lacked authority to enter

_____

[1]Defendant's notice of appeal states that his name is Harvey Joe and that he "was incorrectly sued as JOE HARVEY." Plaintiff's response brief also includes this correction. Therefore, we follow the notice of appeal and adopt this correction.

into an agreed eviction order and (2) denying defendant an evidentiary hearing as to that issue. For the following reasons, this appeal is dismissed for lack of jurisdiction and plaintiff's request for sanctions is denied.

¶ 2                                I. BACKGROUND

¶ 3    On January 24, 2019, plaintiff, Ivan Stanila, filed an eviction suit against defendant in connection with a single-family home located in the 8600 block of South Indiana Avenue in Chicago, Illinois (the property). On April 3, 2019, the parties, through their respective counsels, executed an agreed eviction order whereby defendant would vacate the property by May 14, 2019. Later that month, on April 30, 2019, defendant filed motions to quash service and strike the agreed eviction order on the grounds that "plaintiff fraudulently presented [the] case to the court as a nonpayment of rent case when it wasn't" and that defendant's counsel exceeded his authority by agreeing to the order instead of contesting the "validity of the forcible [detainer] case." A hearing on the motions was held on May 10, 2019, with only defendant's counsel present. After the hearing, the circuit court denied defendant's motion to quash service but granted the motion to strike the eviction order.

¶ 4    On May 17, 2019, plaintiff filed a motion to reconsider the court's May 10, 2019, order striking the agreed eviction order. Plaintiff argued that his counsel did not receive notice of the hearing and, therefore, the court "was not fully apprised of the facts in this matter or [p]laintiff's arguments against the motion, and that it was error to vacate the agreed order of eviction." Plaintiff further argued that there was no fraudulent misrepresentation as "there was never any issue concerning unpaid rent" but rather, plaintiff was "seeking only possession of [the property]." On May 30, 2019, defendant filed two motions to dismiss pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2018)), asserting that plaintiff's complaint

should be dismissed with prejudice because it "improperly nam[ed]" defendant and plaintiff did not have the legal capacity to sue. On May 31, 2019, the circuit court ordered that defendant "shall file a response to [plaintiff's motion to reconsider] no later than June 14, 2019," and plaintiff "shall file any reply no later than June 21, 2019." A hearing date of June 25, 2019, was scheduled on plaintiff's motion. Defendant did not file a response. After the June 25, 2019, hearing, the circuit court granted plaintiff's motion to reconsider; vacated its May 10, 2019, order; and entered a separate eviction order providing a new date for vacating the property.[2]

¶ 5     On July 10, 2019, defendant refiled his motions to dismiss plaintiff's complaint with prejudice pursuant to section 2-619 of the Code (*id.*), arguing that plaintiff improperly named him as "Joe Harvey" instead of "Harvey Joe" and that plaintiff was not the owner of the property. In response, plaintiff argued that the motions to dismiss were untimely and had "no basis in law." On July 25, 2019, defendant filed a motion labeled as a "motion to vacate order." The first page of the motion stated that defendant was moving the court "to [v]acate the [o]rder of [p]ossession entered on June 25, 2019." The "background" section of the motion stated that "[p]laintiff alleges in its [c]omplaint that it has a forcible detainer action against the [d]efendant Joe Harvey." The "summary of the argument" section provided that plaintiff's "order of possession should be vacated because [p]laintiff altered the name of the defendant on the order." The "argument" section, however, included assertions that plaintiff did not have "capacity to sue" because "according to the Cook County Recorder of Deeds, the owner of [the property] is Is Construction Inc. from the latest deed that was recorded." The motion further provided the standard of review governing dismissals under section 2-619. The motion stated that the "[c]omplaint must be

---

[2]The record on appeal does not contain any transcripts or report of the proceedings except for the September 3, 2019, hearing.

dismissed with prejudice" because "[p]laintiff's complaint is based on a forcible entry and detainer act and they are not the proper [p]laintiff." The motion to vacate requested that the court "grant [defendant's] motion to dismiss the [c]omplaint in its entirety with prejudice." On July 26, 2019, the circuit court struck defendant's section 2-619 motions as untimely.

¶ 6     On August 16, 2019, defendant filed a motion styled "Defendant's Motion to Amend Motion to Vacate and Defendant's Motion to Reconsider." The motion sought to amend the July 25 "motion to vacate order" to recharacterize it as a "[m]otion to [r]econsider the June 25, 2019 order." The August 16 motion argued that the court should reconsider its June 25 order because (1) defense counsel did not have authority to enter into an agreed eviction order, (2) plaintiff improperly named him as "Joe Harvey," and (3) plaintiff did not have "capacity to sue." At the hearing on the motion to reconsider, the circuit court agreed with plaintiff's counsel that there was a "serious timeliness problem" as it was already "September." With respect to defendant's argument that his initial counsel acted without authority in entering the agreed eviction order, the court noted that after nearly five months of litigation, it "had yet to receive a motion that properly tees up that argument." After the hearing, on September 3, 2019, the circuit court denied defendant's motion and ordered that "no further motions attacking the eviction order [be] filed in the case." [3] Defendant then filed his notice of appeal on September 18, 2019.

¶ 7                                    II. ANALYSIS

¶ 8     On appeal, defendant contends that the circuit court erred by (1) finding that the issue of whether defense counsel had authority to enter into the agreed order was not raised in a timely

---

[3]The time stamp on the order reflects that it was entered on August 3, 2019. Defendant filed a motion to correct the record to reflect an order date of September 3, 2019, which the circuit court granted.

manner and (2) denying defendant the opportunity to have an evidentiary hearing with regards to that issue.

¶ 9                                    A. Jurisdiction

¶ 10    As a preliminary matter, we must address our jurisdiction over the instant appeal. In his opening brief, defendant's jurisdictional statement provides that this court has jurisdiction pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017). Even so, we have an independent duty to evaluate our jurisdiction. *People v. Lewis*, 234 Ill. 2d 32, 36-37 (2009).

¶ 11    Generally, "[e]very final judgment of a circuit court in a civil case is appealable as of right." Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). "A judgment or order is 'final' if it disposes of the rights of the parties, either on the entire case or on some definite and separate part of the controversy." *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502 (1997). The filing of a notice of appeal " 'is the jurisdictional step which initiates appellate review.' " *People v. Smith*, 228 Ill. 2d 95, 104 (2008) (quoting *Niccum v. Botti, Marinaccio, DeSalvo & Tameling, Ltd.*, 182 Ill. 2d 6, 7 (1998)).

¶ 12    To confer jurisdiction on this court, a notice of appeal must generally be filed within 30 days after the entry of the final judgment from which the appeal is taken. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). However, if a timely postjudgment motion is filed, the time in which to file a notice of appeal is tolled and the appealing party must then file a notice of appeal "within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order." *Id.* "[A]n untimely motion, or one not directed against the judgment, neither stays the judgment nor extends the time for appeal." *Sears v. Sears*, 85 Ill. 2d 253, 259 (1981).

When a notice of appeal is untimely, this court lacks jurisdiction and must dismiss the appeal. *Won v. Grant Park 2, L.L.C.*, 2013 IL App (1st) 122523, ¶ 20.

¶ 13    Where, as here, a civil case is decided without a jury, section 2-1203(a) of the Code provides that a party may file a postjudgment motion "within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof." 735 ILCS 5/2-1203(a) (West 2018). In order to toll the time to appeal, the postjudgment motion must seek "a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or *** other relief." *Id.* The "other relief" referred to in section 2-1203 must be similar in nature to the other forms of relief enumerated in that section. *R&G, Inc. v. Midwest Region Foundation for Fair Contracting, Inc.*, 351 Ill. App. 3d 318, 321 (2004). If a party files a postjudgment motion more than 30 days after the entry of final judgment, the motion will not toll the time for filing a notice of appeal. *In re Application of the County Treasurer*, 214 Ill. 2d 253, 261 (2005); Ill. S. Ct. R. 303 (eff. July 1, 2017).

¶ 14    Plaintiff urges that our jurisdiction to hear this appeal is lacking. Relying on *Won*, 2013 IL App (1st) 122523, plaintiff argues that because defendant's motion for reconsideration of the circuit court's June 25, 2019, judgment order was not filed until August 16, 2019, more than 30 days after the judgment order, the motion for reconsideration was untimely and likewise defendant's notice of appeal. In an attempt to defeat plaintiff's jurisdictional challenge, defendant counters that "[t]he [m]otion was filed on July 25, 2019," an "[o]rder was entered on July 26, 2019," and the time to appeal began to "run from the date that order was entered." Therefore, defendant argues that "the motion for reconsideration, which was filed on August 16, 2019, was clearly timely filed and preserved [d]efendant's right to appeal." In essence, defendant contends

that the filing of his motion for reconsideration of the court's ruling on his motion to vacate and a decision on that motion had the effect of tolling the time for filing a notice of appeal.

¶ 15    Initially, we note that the record belies defendant's account of the procedural history in this case. The record shows that the circuit court ruled solely on defendant's motions to dismiss on July 26 and did not rule on defendant's "motion to vacate." The court's final ruling on the "motion to vacate" did not come until later, on September 3, 2019. Further, because there was no ruling on the "motion to vacate" on July 26, there was no basis for a motion for reconsideration of that ruling, even a proper one, which even a cursory reading of the August 16 motion demonstrates that it was not. See *Liceaga v. Baez*, 2019 IL App (1st) 181170, ¶ 25 (purpose of a motion for reconsideration is to bring to the court's attention (1) newly discovered evidence, (2) changes in the law, or (3) errors in the trial court's application of existing law).

¶ 16    Defendant's August 16 motion for reconsideration, which sought to recharacterize the "motion to vacate," was a second, and redundant, motion purportedly directed against the circuit court's June 25, 2019, judgment order. However, a second postjudgment motion has no tolling effect. See Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017) ("No request for reconsideration of a ruling on a postjudgment motion will toll the running of the time within which a notice of appeal must be filed under this rule."). In fact, supreme court rules permit only one postjudgment motion directed at a judgment order that is otherwise final. See *id.* A "second post-judgment motion which is filed beyond 30 days after entry of the final order, and which attacks the same judgment, neither extends the time for filing the appeal nor continues the jurisdiction of the court." *Holloway v. Kroger Co.*, 253 Ill. App. 3d 944, 947 (1993). Incidentally, had the court ruled on the "motion to vacate" on July 26, as defendant erroneously states, and because the motion for reconsideration

had no tolling effect, his September notice of appeal would have far exceeded the 30 days mandated by the rules.

¶ 17    A motion tolls the time for filing a notice of appeal and qualifies as a proper postjudgment motion if it requests one or more of the types of relief authorized in section 2-1203 of the Code. See *Hanna v. American National Bank & Trust Co. of Chicago*, 176 Ill. App. 3d 938, 943 (1988); Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). "Among the types of relief specified in section 2-1203 is a motion to vacate the judgment being attacked." *Hanna*, 176 Ill. App. 3d at 943; see 735 ILCS 5/2-1203(a) (West 2018). Defendant filed his "motion to vacate" the judgment on July 25, 2019, within 30 days of the court's June 25, 2019, final judgment order. Clearly, defendant's July 25, 2019, motion, which on its face, was of the type contemplated by the Code and was timely filed.

¶ 18    However, in order to toll the time for filing an appeal, Rule 303(a)(1) has a further requirement for postjudgment motions, that being that the motion be directed against the judgment being attacked. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017); see also *In re Estate of Russell*, 372 Ill. App. 3d 591, 594 (2007) (an appeal can be timely only if it is filed within 30 days of the resolution of both a timely and a proper motion directed against the final judgment). Thus, although we have determined that defendant's July 25, 2019, "motion to vacate" was of the type contemplated by the rule, and was filed within 30 days of the circuit court's June 25, 2019, judgment order, and his September 18, 2019, notice of appeal was filed within 30 days of the court's September 3, 2019, order denying that motion, we must yet determine whether defendant's July 25, 2019, "motion to vacate" was a proper postjudgment motion, meaning one directed against the judgment.[4] Our

---

[4]On September 3, 2019, the circuit court denied "Defendant's Motion to Amend the Motion to Vacate and Defendant's Motion to Reconsider." Essentially, the motion sought to recharacterize the July 25, 2019, "Motion to Vacate" as a motion for reconsideration. As such, our reference to the "motion to vacate" refers to defendant's July 25, 2019, motion to vacate.

resolution of this issue is guided by our supreme court's decision in *Kingbrook, Inc. v. Pupurs*, 202 Ill. 2d 24 (2002).

¶ 19    In *Kingbrook*, our supreme court considered the degree of specificity that must be included in a motion to reconsider for such a motion to qualify as a postjudgment motion. *Id.* at 25-26. The motion at issue in *Kingbrook* was titled " 'Motion for Reconsideration' " and the body consisted of one sentence in which the plaintiff requested " 'the Court to reconsider its decision granting severing [*sic*] judgment in favor of the Defendants.' " *Id.* at 26-27. Although the motion consisted of a single sentence, the court held that the motion was sufficient for purposes of tolling the time for filing a notice of appeal. *Id.* at 26-27, 31. In its final ruling, the supreme court held that neither the plain language of the Code nor the supreme court rules require that a postjudgment motion (in a case decided without a jury) contain any detail or argument. *Id.* at 31. As such, under *Kingbrook*, a single sentence would suffice if it requests the appropriate type of relief. See *Muirfield Village-Vernon Hills, LLC v. K. Reinke, Jr., & Co.*, 349 Ill. App. 3d 178, 186 (2004) ("Under *Kingbrook*, a motion that does no more than request to strike or vacate the 'with prejudice' portion of the order would be sufficient to toll the 30-day time period in which to file a notice of appeal.").

¶ 20    Although defendant's motion here was labeled as a "motion to vacate order," requested the court vacate the June 25 order of possession, and the "summary of the argument" section consisted of a single sentence stating that plaintiff's "order of possession should be vacated because [p]laintiff altered the name of the defendant on the order," the motion appears to challenge the complaint. For example, in the "argument" section of the motion, defendant argued that plaintiff did not have "capacity to sue" because the recent recorded deed indicated a different owner. The motion provided the standard of review for dismissals under section 2-619 of the Code, which governs motions to dismiss a complaint. The motion also stated that the "[c]omplaint must be

dismissed with prejudice" because "[p]laintiff's complaint is based on a forcible entry and detainer act and they are not the proper [p]laintiff." Finally, the motion requested that the court "grant [defendant's] motion to dismiss the [c]omplaint in its entirety with prejudice."

¶ 21    This case presents a unique issue from *Kingbrook*—what happens when a party presents a motion with some detail, but the motion substantively is directed toward and requests relief in the form of dismissing a complaint. The issue here is similar to that in *Heiden v. DNA Diagnostics Center, Inc.*, 396 Ill. App. 3d 135 (2009). There, this court found plaintiff's motion was not a proper postjudgment motion because, "[a]lthough the caption and the prayer for relief *** request[ed] reconsideration, the substance of the motion [only requested] clarification" of the court's final order. *Id.* at 141. Thus, the court found that the motion was not directed against the judgment for purposes of section 2-1203 and did not toll the time to appeal. *Id.* at 140-41.

¶ 22    In *Shutkas Electric, Inc. v. Ford Motor Co.*, 366 Ill. App. 3d 76, 81 (2006), another post-*Kingsbrook* case, the caption of the motion in question requested modification, but the body of the motion sought relief in the form of adding a party plaintiff and leave to file a second amended complaint. This court dismissed the motion because the substance of the motion lacked a form of section 2-1203 relief. *Id.* at 81-82. In doing so, this court noted that "[t]he nature of a motion is determined by its substance rather than its caption." (Internal quotation marks omitted.) *Id.* at 81.

¶ 23    These cases illustrate the principle that in determining whether a postjudgment motion is properly directed at the judgment, we must look at the substance of the motion rather than its caption. See *Heiden*, 396 Ill. App. 3d at 140; see also *Shutkas Electric, Inc.*, 366 Ill. App. 3d at 81 (citing *J.D. Marshall International, Inc. v. First National Bank of Chicago*, 272 Ill. App. 3d 883, 888 (1995)). Here, defendant's filing invited the court to treat the "motion to vacate" as a motion to dismiss a complaint, not as a postjudgment motion directed at the final judgment. Although

defendant's motion was labeled as a "motion to vacate" and the introductory paragraph repeated this request, the body of the motion clearly attacked plaintiff's complaint rather than the court's June 25 final order. Defendant's motion did not request the court to vacate its order granting plaintiff's motion to reconsider nor did it request the court to vacate its judgment as to the entry of a new eviction order. Instead, the motion contained arguments for dismissal of plaintiff's complaint, set forth a standard of review for its dismissal, and further requested dismissal of the complaint in its prayer for relief without referencing the circuit court's final judgment. As such, we find that the substance of the motion sought a different type of relief: dismissal of plaintiff's complaint rather than vacation of the circuit court's final judgment. Accordingly, we find that defendant's motion to vacate was not a proper postjudgment motion and, thus, did not toll the time for filing a notice of appeal. Therefore, we must dismiss this appeal for lack of jurisdiction.

¶ 24                                B. Sanctions

¶ 25    Finally, we address plaintiff's request for sanctions. See *Gilkey v. Scholl*, 229 Ill. App. 3d 989, 993 (1992) (noting that we still have jurisdiction to decide the question of appellate sanctions where the appeal is dismissed for want of jurisdiction). Plaintiff argues that defendant's "brief to this [c]ourt is a jumbled mess of unsupported factual allegations and baseless arguments, omissions from and misrepresentations of the record, and a failure to comply with the Supreme Court Rules that mirrors its pleadings, arguments, and tactics in the trial court." As such, plaintiff requests this court to award him "attorney's fees incurred in this matter jointly and severally against [d]efendant and his counsel."

¶ 26    Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994) permits this court to enter sanctions against a party if an appeal is frivolous, not taken in good faith, or taken for an improper purpose, such as to harass or cause unnecessary delay or needless increase in litigation costs. A frivolous

appeal is one that "would not have been brought in good faith by a reasonable, prudent attorney." *Dreisilker Electric Motors, Inc. v. Rainbow Electric Co.*, 203 Ill. App. 3d 304, 312 (1990). The purpose of Rule 375(b) is to condemn and punish a litigant's abusive conduct. *Gakuba v. Kurtz*, 2015 IL App (2d) 140252, ¶ 26. The imposition of Rule 375 sanctions is left entirely to the discretion of the reviewing court. *Fields v. Lake Hillcrest Corp.*, 355 Ill. App. 3d 457, 466 (2002). *Dreisilker Electric Motors, Inc.*, 203 Ill. App. 3d at 312. The rule provides that appropriate sanctions "may include an order to pay to the other party or parties damages, the reasonable costs of the appeal or other action, and any other expenses necessarily incurred by the filing of the appeal or other action, including reasonable attorney fees." Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994).

¶ 27    Here, the circuit court record demonstrates that defendant raised the same issues repeatedly through various filings, and each time, the court rejected his arguments. Defendant also appears to have incorrectly stated the record to support his arguments on appeal. Further, we note that defendant's brief falls short of satisfying the requirements for appellate briefs as set forth in Illinois Supreme Court Rule 341 (eff. May 25, 2018). Generally, in such cases, and absent some ability to decide the case on the merits, we have discretion to dismiss the appeal for lack of compliance. See *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77. In this case, defendant's arguments, though perhaps without merit, are neither confusing nor difficult to understand. The arguments presented are unsupported in law here on appeal, just as they were below. Yet, the conduct of counsel in this case does not rise to the level of that in *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, the case upon which plaintiff relies. And, in our reading of the briefs, we do not have an abiding belief that defendant's appeal was filed either to harass plaintiff or for a frivolous purpose. Thus, we decline to impose sanctions.

¶ 28                                  III. CONCLUSION

¶ 29   In sum, the record before us does not establish this court's jurisdiction to consider defendant's appeal and we must, therefore, dismiss it.

¶ 30   Appeal dismissed.

**No. 1-19-1890**

| | |
|---|---|
| **Cite as:** | *Stanila v. Joe*, 2020 IL App (1st) 191890 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 19-M1-701301; the Hon. Alison C. Conlon, Judge, presiding. |
| **Attorneys for Appellant:** | Philip M. Kiss, of Gurnee, for appellant. |
| **Attorneys for Appellee:** | Kurt H. Feuer, of Evanston, for appellee. |