2024 IL App (1st) 231686-U

No. 1-23-1686

Order filed May 17, 2024

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| DOROTHY GOOLSBY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 M1 705913 |
| | ) | |
| ELEXIUS THOMPSON, | ) | Honorable |
| | ) | Sondra Nicole Denmark, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HYMAN delivered the judgment of the court.
Justices C.A. Walker and Tailor concurred in the judgment.

**ORDER**

¶ 1   *Held*:  We dismiss as moot the appeal from the portion of the jury's verdict granting
           possession of the apartment to appellee. We are without a sufficient record
           to review appellant's other claim of error and so affirm the award of damages.

¶ 2   A jury awarded possession of an apartment located and $5,120 in damages to Dorothy

Goolsby. Defendant Elexius Thompson appeals *pro se*, contending that she was prevented from

presenting evidence and jury instructions and was not properly served with documents during

discovery. We dismiss as moot the jury's award of possession of the apartment and, based on the inadequate record on appeal, affirm the jury's award.

¶ 3                                    Background

¶ 4      The following facts are gleaned from the record, which comprises only the common law record.

¶ 5      The parties entered into a month-to-month lease for an apartment, which began on March 11, 2022, at $850 per month. About a year later, Goolsby filed a complaint for eviction against Thompson and all unknown occupants, seeking possession of the apartment, unpaid rent, and court costs. Attached were copies of the lease, a 60-day notice to vacate, and a lease extension. Thompson appeared *pro se* and requested a jury trial. Thompson filed *pro se* affirmative defenses, alleging a breach of the warranty of habitability, failure to maintain the building, and retaliation. Thompson sought the dismissal of the case, a rent offset, and fees and costs.

¶ 6      The matter proceeded to a jury trial. Thompson appeared *pro se,* and Goolsby appeared with counsel. Following trial, the jury awarded Goolsby possession of the apartment and damages. The trial court entered posttrial orders that Thompson immediately vacate the apartment and that the Cook County Sheriff's Department proceed with removing Thompson from the apartment.

¶ 7                                    Analysis

¶ 8      After Thompson filed a *pro se* notice of appeal, she filed a *pro se* motion seeking an additional week to vacate the apartment. Then, Thompson filed *pro se* motions to vacate and set aside the judgment and for a new trial and to stay the eviction pending appeal. The trial court denied the motion, ordered the eviction to proceed, and denied Thompson's remaining motions, ordering the Cook County Sheriff's Office to remove Thompson from the apartment. The record

contains an "Eviction Unit Affidavit" from the Cook County Sheriff's Department with a "disposition date" of October 4, 2023, which states that officers entered the apartment, spoke to Thompson, and removed her without incident.

¶ 9    While Thompson's *pro se* notice of appeal was filed before her *pro se* motion to vacate and set aside the judgment and for a new trial, that does not necessarily deprive this court of jurisdiction. Where, as here, a timely postjudgment motion has been filed after the filing of a notice of appeal, Illinois Supreme Court Rule 303(a)(2) states that the notice of appeal becomes effective when the trial court enters an order disposing of the timely postjudgment motion. See Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017). Accordingly, when the trial court denied Thompson's motion, the notice of appeal became effective, and we have jurisdiction over this appeal

¶ 10    On March 1, 2024, this court entered an order on its own motion, taking the case for consideration on the record and Thompson's brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (reviewing court may decide case on appellant's brief alone "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief").

¶ 11    Thompson contends that the jury's verdict should be vacated as the trial court stated that her evidence was not "relevant in eviction court" and did not permit her to present the evidence or jury instructions. Thompson also contends that she was improperly barred from cross-examining a witness and was not properly served with documents during discovery.

¶ 12    Initially, Thompson's failure to comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020) hinders our review. While Thompson's brief, submitted using the Supreme Court's approved preprinted appellant brief form, contains a narration from her point of view, it lacks

cohesive legal arguments and reasoned bases for those arguments in violation of Rule 341(h)(7). "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43. To the extent that Thompson's brief fails to comply with Rule 341(h)(7), her arguments are forfeited.

¶ 13    Although considering the content of Thompson's brief, it would be within our discretion to dismiss this appeal, we decline to do so. See *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005) ("[P]arty's failure to comply with basic rules is grounds for disregarding his or her arguments on appeal"). Instead, we choose to consider the discernible merits of the appeal as it is apparent that Thompson challenges the jury's award.

¶ 14                                    *Issue of Possession*

¶ 15    First, we consider whether the issue of possession is moot, given that the record demonstrates Thompson has been evicted. "An appeal is moot if no actual controversy exists or when events have occurred that make it impossible for the reviewing court to render effectual relief." *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 10. "The existence of an actual controversy is an essential requisite to appellate jurisdiction, and courts of review will generally not decide abstract, hypothetical, or moot questions." *In re Marriage of Nienhouse*, 355 Ill. App. 3d 146, 149 (2004). Whether a case is moot presents an issue we review *de novo*. *Benz v. Department of Children & Family Services*, 2015 IL App (1st) 130414, ¶ 31.

¶ 16    The purpose of an eviction claim is to determine "which party is entitled to immediate possession and whether a defense which is germane to the distinctive purpose of the action defeats plaintiff's asserted right to possession." *First Illinois Bank & Trust v. Galuska*, 255 Ill. App. 3d

86, 90 (1993). When a defendant no longer lives at the property, the issue of possession is moot. See *Circle Management, LLC v. Olivier*, 378 Ill. App. 3d 601, 607-08 (2007) (appeal of forcible entry and detainer action moot where circuit court entered possession order and appellant vacated premises but applying public interest exception to mootness doctrine to address whether possession may be awarded as sanction for tenant's failure to comply with use and occupancy order); see also *6103-07 Claremont, LLC v. Hunter*, 2024 IL App (1st) 231287-U, ¶¶ 26-27 (citing *Circle Management* and finding issue of possession moot where sheriff enforced eviction order and removed defendant from property and plaintiff acquired possession); *2242 Archer Court, LLC v. Roberts*, 2023 IL App (1st) 221655-U, ¶¶ 14-15 (same).

¶ 17 Here, the jury's verdict granted possession of the apartment to Goolsby, and the trial court's posttrial order required Thompson to vacate the apartment *instanter*. The record further reveals that on October 4, 2023, the Cook County Sheriff's Department eviction unit removed Thompson from the apartment. Additionally, Thompson's filings before this court bear a different address than the apartment. Thus, Thompson's appeal from that part of the jury's verdict, which granted possession to Goolsby, is dismissed as moot.

¶ 18                                   *Issue of Damages*

¶ 19 The jury also awarded Goolsby $5120 in damages, which was not rendered moot by Thompson vacating the apartment. But, the record on appeal does not contain a report of proceedings from the trial or an acceptable substitute, such as a bystander's report or agreed statement of facts under Illinois Supreme Court Rule 323. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). Thompson has the burden of providing a complete record for review in the appellate court to support her claims of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). Without a

record, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id*. at 392. This is because, to determine whether there was an error, a reviewing court must have a record before it to review. *Id*. (absent "transcript of the hearing *** there is no basis for holding" that court erred).

¶ 20 Without a trial transcript or an acceptable substitute, we cannot determine the evidence presented at trial or the parties' arguments. Under these circumstances, we must presume that the jury acted in conformity with the law and properly awarded damages to Goolsby based on the evidence before it. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005) ("Without an adequate record preserving the claimed error, the reviewing court must presume the circuit court had a sufficient factual basis for its holding and that its order conforms with the law"). In the absence of a report of proceedings or other record of the trial, we have no basis for disturbing the jury's award. *Foutch*, 99 Ill. 2d at 391-92.

¶ 21 Affirmed in part and dismissed in part.