2024 IL App (1st) 230788-U

1-23-0788

July 30, 2024

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| RODNEY A. ALEXANDER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 OP 76949 |
| | ) | |
| | ) | Honorable |
| SYLVENIA L. ALEXANDER, | ) | Beatriz A. Frausto-Sandoval |
| | ) | and Marina Ammendola, |
| Respondent-Appellant. | ) | Judges Presiding. |

PRESIDING JUSTICE HOWSE delivered the judgment of the court.
Justices McBride and Ellis concurred in the judgment.

ORDER

¶ 1    *Held*:  Respondent's appeal dismissed for lack of jurisdiction where notice of appeal was untimely.

¶ 2    Respondent Sylvenia L. Alexander appeals *pro se* from the circuit court's order of March

8, 2023, denying her second motion to vacate a one-year plenary order of protection against her

and in favor of petitioner Rodney A. Alexander and their minor child, M.A.[1] We dismiss for lack of jurisdiction.

¶ 3    The record on appeal comprises a single volume of common law record, from which we have gleaned the following facts and procedural history.

¶ 4    On August 29, 2022, Rodney filed a *pro se* petition for an order of protection against Sylvenia, his spouse, for himself and M.A, alleging that Sylvenia injured herself damaging property and threatened to take M.A. to an undisclosed location. He further alleged that Sylvenia was previously recommended for voluntary inpatient care. On the same day, the circuit court entered an emergency order of protection, granting Rodney exclusive possession of the shared residence and care and possession of M.A., and ordering Sylvenia to have no contact with Rodney and M.A.

¶ 5    On August 30, 2022, Sylvenia filed an emergency motion to vacate the emergency order of protection, arguing that she had "no family here, no place to go" and was "struggling with health issues."

¶ 6    On October 6, 2022, with both parties present via Zoom, the court modified the emergency order of protection to include "no unlawful contact" and extended the order. On November 3, 2022, neither party appeared, and the court further extended the order of protection until December 9, 2022.

---

[1] Since the parties share the same last name, we will refer to them by their first names.

Sylvenia also purports to appeal from an unspecified order that she claims was entered on January 9, 2023. As explained in this order, the record on appeal does not reflect that an order was entered on that date.

The Honorable Beatriz A. Frausto-Sandoval entered the emergency and plenary orders of protection. The Honorable Marina Ammendola presided over subsequent proceedings.

¶ 7 On November 16, 2022, Rodney filed an emergency motion to modify the order of protection to include control of the residence and no contact by Sylvenia, asserting that Sylvenia violated the order of protection by locking him out of the residence. Rodney also expressed concern for M.A.'s "safety and security." The court granted Rodney's motion, ordering Sylvenia to vacate the residence since Rodney was granted exclusive possession.

¶ 8 On December 9, 2022, Rodney appeared but Sylvenia did not. The court entered a default plenary order of protection, granting Rodney exclusive possession of the residence and physical care and possession of M.A., and prohibiting any unlawful contact by Sylvenia for a period of one year expiring December 8, 2023.

¶ 9 On December 22, 2022, Sylvenia filed a motion to vacate the default plenary order and requested a hearing regarding the plenary order "based on petitioner['s] testimony." On January 3, 2023, with both parties present via Zoom, the court ordered that the plenary order would stand.

¶ 10 On January 6, 2023, Sylvenia filed a motion for substitution of judge, alleging that she had not been able to present any evidence or testimony during the proceedings, and the court was "[n]ot considering all factors for a determination to be given." On January 9, 2023, she filed a motion to vacate the default judgment. The court modified the order to include a parenting agreement on January 27, 2023.

¶ 11 On February 24, 2023, Sylvenia filed another motion to vacate the default plenary order of protection.

¶ 12 On March 8, 2023, with both parties present, the court denied Sylvenia's second motion to vacate the default plenary order of protection, stating that "respondent's motion fail[ed] to provide

any new facts or law" and that the court previously ruled on a motion to vacate. The court also denied Sylvenia's motion for substitution of judge, noting that it heard "extensive oral argument."

¶ 13    Sylvenia filed a notice of appeal on May 2, 2023, listing January 9, 2023, and March 8, 2023, as the dates of the orders appealed.

¶ 14    On June 7, 2024, we entered an order taking this case for consideration on the record and Sylvenia's *pro se* brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (reviewing court may decide a case on appellant's brief alone "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief").

¶ 15    At the outset, we observe that although Sylvenia purports to appeal from orders entered on January 9 and March 8, 2023, the record on appeal does not show that the circuit court entered an order on January 9, 2023. Rather, Sylvenia filed a motion to vacate the order of protection on that date.

¶ 16    Turning to Sylvenia's arguments on appeal, she claims that the circuit court erred in (1) extending the order of protection on November 3, 2022; (2) entering a "mutual" order of protection on November 14, 2022; (3) making libelous and slanderous remarks about Sylvenia; and (4) exhibiting bias against Sylvenia.[2]

¶ 17    This court has an independent duty to consider its jurisdiction. *People v. Gunn*, 2023 IL App (1st) 221032, ¶ 8. The filing of a notice of appeal initiates appellate review. *Huber v. American Accounting Ass'n*, 2014 IL 117293, ¶ 8. When the notice of appeal is untimely, the reviewing court

---

[2] The record on appeal does not contain a copy of a "mutual" order of protection.

does not have jurisdiction and must dismiss the appeal. *Stanila v. Joe*, 2020 IL App (1st) 191890, ¶ 12.

¶ 18 Sylvenia appeals from the court's March 8, 2023, order denying her motion to vacate the plenary order of protection. An order of protection is injunctive, and "[a] motion to vacate a protective order is considered one seeking to dissolve or modify an injunction." *In re Marriage of Sanchez & Sanchez-Ortega*, 2018 IL App (1st) 171075, ¶ 34. Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017) allows an appeal from an interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." Further, "the appeal must be perfected within 30 days from the entry of the interlocutory order by filing a notice of appeal." Ill. S. Ct. R. 307(a) (eff. Nov. 1, 2017).

¶ 19 In this case, the circuit court denied Sylvenia's second motion to vacate the default plenary order of protection on March 8, 2023. Sylvenia did not file her notice of appeal until May 2, 2023, beyond the 30-day period. Accordingly, since Sylvenia's notice of appeal was untimely, we lack jurisdiction to consider the merits of her appeal and must dismiss it. *Joe*, 2020 IL App (1st) 191890, ¶ 12.

¶ 20 For the foregoing reasons, we dismiss this appeal.

¶ 21 Dismissed.