2025 IL App (1st) 240641-U

No. 1-24-0641

Order filed August 1, 2025

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| FOZIA M. SALAH, | ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellant | ) ) | |
| | ) | |
| v. | ) | No. 23 L 50391 |
| | ) | |
| ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY; DIRECTOR OF ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY BOARD OF REVIEW, AN ADMINISTRATIVE AGENCY OF THE STATE OF ILLINOIS AND U & F SONS INC., SAHARA ELDERLY CARE, | ) ) ) ) ) ) ) | Honorable Daniel P. Duffy, Judge, presiding. |
| Defendants-Appellees | ) ) | |

JUSTICE C.A. WALKER delivered the judgment of the court.
Presiding Justice Tailor and Hyman concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We dismiss plaintiff's appeal for lack of jurisdiction where a postjudgment motion remains pending in the circuit court.

¶ 2    Plaintiff Fozia M. Salah appeals *pro se* from an order of the circuit court dismissing her

*pro se* administrative review complaint where plaintiff filed it more than 35 days after the final

decision of the Board of Review (Board) of the Illinois Department of Employment Security (IDES) was mailed to her. We dismiss for lack of jurisdiction.

¶ 3    In 2021, plaintiff filed an application for unemployment benefits with IDES and was found eligible. Subsequently, in a decision mailed to plaintiff on December 30, 2021, a claims adjudicator reversed the eligibility determination and advised plaintiff that she could submit an appeal within 30 days. Plaintiff filed an appeal on October 11, 2022, which the referee dismissed for lack of jurisdiction pursuant to section 800 of the Unemployment Insurance Act (Act) (820 ILCS 405/800 (West 2022)).

¶ 4    Plaintiff appealed to the Board, which affirmed the referee's dismissal on June 14, 2023. It mailed its decision to plaintiff's address of record in the IDES benefit information system on that date. The Board's mailing informed plaintiff that she must file her appeal from the Board's decision in the circuit court "within 35 days from the mailing date, 06/14/2023."

¶ 5    On July 27, 2023, plaintiff filed a *pro se* complaint for administrative review in the circuit court of Cook County, naming as defendants IDES, its director, and the Board (the State defendants), and U & F Sons, Inc./Sahara Elderly Care, her former employer.

¶ 6    On September 5, 2023, the State defendants filed a motion to dismiss plaintiff's complaint with prejudice pursuant to section 2-619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(5) (West 2022)). They argued that plaintiff filed her complaint on July 27, 2023, eight days after the statutory period for filing expired, and thus the court lacked jurisdiction to review the Board's decision. The State defendants attached, *inter alia*, a printout from the IDES benefit information system showing plaintiff's address, a certificate from the Acting Commissioner of

Unemployment Compensation certifying the printout's accuracy, and a copy of the Board's decision demonstrating it was mailed to plaintiff at that address on June 14, 2023.

¶ 7    On September 15, 2023, an attorney filed an appearance on behalf of plaintiff. Plaintiff's counsel requested several continuances to respond to the motion to dismiss, but the record contains no response.

¶ 8    On February 27, 2024, the circuit court granted the State defendants' motion to dismiss plaintiff's complaint in a written order, stating that the court lacked jurisdiction and the order was final and appealable.

¶ 9    On March 20, 2024, plaintiff filed a *pro se* notice of appeal.

¶ 10    On March 27, 2024, plaintiff, through counsel, filed in the circuit court a motion to vacate the dismissal on the basis that "the file was misdiaried." The court entered and continued the motion to a hearing on May 14, 2024, for "[r]esolution of [the] jurisdictional issue triggered by [the] Notice of Appeal." The record on appeal ends with this order. According to the online docket of the Clerk of the Circuit Court of Cook County, the case was placed on the appellate court stay calendar on May 14, 2024, and there have been no subsequent proceedings.[1]

¶ 11    On appeal, plaintiff argues that the circuit court erred in dismissing her complaint where her attorney "failed to represent" her, causing her to receive an unfair hearing. She also contends that she did not receive the claims adjudicator's determination and was unsure whether there was "a delivery error" or if the mail was "lost." Plaintiff notes that she received "a letter from IDES" in early "October 2022," which referred to a decision and the requirement to file a complaint for

---

[1] This court may take judicial notice of the circuit court electronic docket and orders entered during the pendency of this appeal. See *TCF National Bank v. Richards*, 2016 IL App (1st) 152083, ¶ 50; see also *J.S.A. v. M.H.*, 224 Ill. 2d 182, 212 (2007).

administrative review within 35 days from the mailing date of the decision. Plaintiff searched her correspondence but did not find the decision referenced. She argues that the circuit court failed to consider "crucial evidence" which affected the outcome of her case. Plaintiff outlines her financial hardship and employment history, including reduced hours at her job before she applied for unemployment benefits and her subsequent search for new employment. Plaintiff attached, *inter alia*, the referee's decision and documentation from her job search.

¶ 12    We have an independent duty to consider our jurisdiction. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). "A final decision, order, or judgment of the Circuit Court, entered in an action to review a decision of an administrative agency, is reviewable by appeal as in other civil cases." 735 ILCS 5/3-112 (West 2024). Under Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303(a)(1) (eff. July 1, 2017), a notice of appeal from a final judgment in a civil case must be filed within 30 days after the entry of the final judgment appealed from or, if a timely postjudgment motion directed against the judgment is filed, entry of the order disposing of the last pending postjudgment motion. A judgment is final and appealable "if it terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate part thereof." (Internal quotation marks omitted.) *In re Marriage of Gutman*, 232 Ill. 2d 145, 151 (2008).

¶ 13    A postjudgment motion directed against the judgment must be filed within 30 days of the judgment. *Stanila v. Joe*, 2020 IL App (1st) 191890, ¶ 13. Under Rule 303(a)(2), when a timely postjudgment motion has been filed, "a notice of appeal filed before the entry of the order disposing of the last pending postjudgment motion *** becomes effective when the order disposing of said motion *** is entered." Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017). The circuit court retains jurisdiction to address a timely postjudgment motion even if it was filed after the

notice of appeal. *Id.*; *Goolsby v. Thompson*, 2024 IL App (1st) 231686-U, ¶ 9 ("Where, as here, a timely postjudgment motion has been filed after the filing of a notice of appeal, Illinois Supreme Court Rule 303(a)(2) states that the notice of appeal becomes effective when the trial court enters an order disposing of the timely postjudgment motion."); *Ray v. R.A. Mechanical, Inc.*, 2023 IL App (1st) 221639-U, ¶ 22 (same).[2]

¶ 14    Here, the circuit court entered a final and appealable order on February 27, 2024, granting the motion to dismiss the action with prejudice. Plaintiff thus had 30 days, until March 28, 2024, to file a notice of appeal or postjudgment motion challenging the judgment. See *Stanila*, 2020 IL App (1st) 191890, ¶ 13.

¶ 15    Plaintiff filed her timely notice of appeal from the dismissal order on March 20, 2024. Plaintiff subsequently filed a motion to vacate the court's dismissal order on March 27, 2024. The motion to vacate was a timely postjudgment motion because it requested that the judgment entered on February 27, 2024, be vacated. See 735 ILCS 5/2-1203(a) (West 2024) (a motion to vacate the judgment is a postjudgment motion).

¶ 16    Because defendant timely filed the postjudgment motion to vacate, the circuit court had jurisdiction to consider it. See *In re Application of County Treasurer*, 214 Ill. 2d 253, 261 (2005). The notice of appeal would become effective when the court disposed of the timely postjudgment motion. See Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017). But neither the record on appeal nor the circuit court's online docket reflect that the circuit court ruled on the timely postjudgment motion to vacate. Instead, the online docket shows that the court placed the motion on the appellate stay

---

[2] Under Illinois Supreme Court Rule 23(e)(1) (eff. Feb. 1, 2021), unpublished orders entered on or after January 1, 2021, may be cited for persuasive purposes.

docket. Thus, because the circuit court has not yet ruled on the pending postjudgment motion, plaintiff's premature notice of appeal is not effective. See *Goolsby*, 2024 IL App (1st) 231686-U, ¶ 9. We therefore lack jurisdiction over this matter and dismiss the appeal. See Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017); *Stanila*, 2020 IL App (1st) 191890, ¶ 23.

¶ 17   Accordingly, we dismiss this appeal for lack of jurisdiction.

¶ 18   Appeal dismissed.